# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60217
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2016

Lyle W. Cayce
Clerk

DALJEET SINGH,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 815 959

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daljeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) 2013 denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Singh challenges the BIA's affirmance of the IJ's determination he was not entitled to asylum because he failed to present sufficient, credible evidence

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

supporting his application.   He does not renew his contention concerning withholding of removal or CAT protection; therefore, those two claims are abandoned.  *See, e.g., Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Because the BIA based its decision in part on the IJ's reasoning, our court may review the findings of both the BIA and IJ for substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  In that regard, Singh must demonstrate the evidence compels a conclusion contrary to that reached by the BIA and IJ.  *Id.* at 536–37.

An IJ's credibility determination is reviewed under a highly deferential standard, and must be upheld "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling".  *Id.* at 538. (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). The IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible".  *Id.* (internal quotation marks and citation omitted) (emphasis in original).

Here, Singh based his application for asylum on harm suffered due to his involvement with the Shiromani Akali Dal political party.  The IJ found Singh was not credible because, *inter alia*:  he exaggerated his position in the party; was vague about the injuries he suffered; and was not forthcoming about the details of his escape to the United States.  The BIA agreed, concluding the IJ's adverse-credibility finding was supported by the record, and not clearly erroneous.

Singh has not shown the evidence compels a contrary conclusion regarding his credibility. He essentially contends inconsistencies in his testimony were minor and sufficiently corroborated by other evidence, and the IJ and BIA did not give appropriate consideration to the evidence presented.

No. 15-60217

Given our highly deferential standard of review, and because the credibility finding was "supported by specific and cogent reasons derived from the record", Singh has not met his burden of proof. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

DENIED.